UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gustry Leshan Sailee,

Plaintiff,

v.

State of Minnesota; Minneapolis Police Department; Derick Chauvin; and Unknown Minneapolis Police Officers,

Defendants.

File No. 26-cv-3430 (ECT/DLM)

**ORDER**

---

Before the Court is Plaintiff Gustry Leshan Sailee's Complaint [ECF No. 1], application to proceed in forma pauperis ("IFP") [ECF No. 2], and motion requesting a referral to the Federal Bar Association's Pro Se Project ("Pro Se Project") [ECF No. 3]. Sailee alleges he is a victim of a "hate crime" committed by Minneapolis Police Department ("MPD") officers and seeks one hundred million dollars and for the officers to be incarcerated. Compl. at 4. The IFP application must be considered before any other action may be taken in this matter.

Sailee qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). On review, all factual allegations must be accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Aten v. Scottsdale Ins.,* 511 F.3d 818, 820 (8th Cir. 2008). The fact allegations need not be

detailed, but they must state a plausible claim without being speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions that are couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Upon review of the record, Sailee's Complaint fails to state a claim upon which relief can be granted because his claims are time-barred by the applicable statute of limitations.

The Complaint alleges that on or about March 21, 2003, he was at his mother's residence when he saw police officers outside the home with various guns drawn. Compl. at 5. He ran to the kitchen and called 9-1-1. *See id.* The MPD kicked in his mother's door. *See id.* Sailee then alleges, "Derick Chauvin slaming [sic] my face on ground my tooth went through my lip spiled [sic] my blood put a gun in my mouth spit in my face and another Mpls officers was pumping a shot gun over my head with no bullets." *Id.* (capitalization altered). Sailee alleges the police then escorted him back through the house once they noticed 9-1-1 was on the phone. *Id.* One of Sailee's children was crying on the couch, and an officer "put ann [sic] gun to my kids head." *Id*. Sailee alleges the officers "drove me to jail in church van" and "said this was a warrant for missdemenor [sic] traffic ticke [sic] when I didn't have a warrant." *Id*. Sailee asks for an investigation, alleging he provided pictures and a copy of the "false warrant" to "IRA Witlock" and an attorney who were going to "file [his] case and seek justice" but lost his file. *Id*. at 5-6.

Sailee maintains that the Court has jurisdiction over this action because the matter presents a federal question, but he does not specify the specific federal law at issue. *See* Compl. at 3. Sailee categorizes the actions of the defendants as a "hate crime." *See id.* at 4. Given these circumstances, the Court liberally construes his complaint as seeking relief under 42 U.S.C. § 1983 for deprivation of rights.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citing previous version of the applicable statute). The statute of limitations applies to pro se plaintiffs, despite a court's duty to liberally construe their claims. *Anunka v. City of Burnsville,* 534 F. App'x 575, 576 (8th Cir. 2013) (per curiam) (affirming pro se plaintiff's dismissal as time-barred). In Minnesota, the statute of limitations for assault, battery, and false arrest claims under 42 U.S.C. § 1983 is six years. *See* Minn. Stat. § 541.05, subdiv. 1(9); *United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012).[1] Here, the events occurred approximately 23 years prior to Sailee seeking relief with his § 1983 Complaint. Whatever the merits of his claims otherwise, Sailee is very plainly seeking relief too late.

Accordingly, this action is dismissed pursuant to § 1915(e)(2)(B). Because any amendment of the complaint would be futile—there is nothing that Sailee can now do to

---

[1] Sailee invokes the Matthew Shepard and James Byrd Jr. Hate Crimes Prevention Act, 18 U.S.C. § 249, to argue there is no statute of limitations for hate crimes. However, § 249 is a criminal provision and does not supply a private right of action. Sailee cannot seek relief under that provision.

make his claims timely—the action is dismissed with prejudice. For the same reason, Sailee's request to be referred to the Pro Bono Project is also denied; the problem is not that Sailee lacks the necessary expertise to bring his claims, but that it is too late for him to do so.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Gustry Leshan Sailee's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

2. Sailee's IFP application [ECF No. 2] is **DENIED AS MOOT.**

3. Sailee's Motion for Referral to the Pro Se Project [ECF No. 3] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 13, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court